506 P.2d 71

**Alva Lou HATCH, Plaintiff and Respondent,**

**v.**

**ZIEGLER CHEMICAL & MINERAL COR-PORATION, Defendant and Appellant.**

**No. 12951.**

Supreme Court of Utah.

Jan. 30, 1973.

Whitney D. Hammond and Hugh W. Colton of Colton & Hammond, Vernal, Clifford L. Ashton and Ray G. Martineau, of VanCott, Bagley, Cornwall & McCarthy, Salt Lake City, for defendant-appellant.

Robert M. McRae of Hatch, McRae & Richardson, Salt Lake City, for plaintiff-respondent.

ELLETT, Justice:

Pursuant to a written contract with the defendant, plaintiff mined gilsonite ore

from the defendant's mine and hauled it to its processing plant, for which he was to be paid $17 per ton. The dispute in this case arises over the amount of tonnage which was delivered to the defendant. This appeal is from a judgment in favor of plaintiff.

There were no scales within 90 miles of the work being done, and for that reason the plaintiff occasionally weighed a truck load of ore, and by loading the truck completely full each time took the weight actually made as being the weight of the ore delivered by each truck load. In addition, the plaintiff occasionally counted the number of buckets of ore placed in the truck and weighed each bucket to arrive at a check figure. This method of weighing ore in the industry, isolated as it is away from scales, is the accepted method of calculating the weight of ore mined and delivered. In fact, it was the method used by the plaintiff and his employees in calculating their pay for ore mined. The defendant processed the ore, and there is testimony to the effect that in processing the ore there would be a loss of from 5 to 55 per cent of the ore. The defendant claimed that it should pay to the plaintiff for ore delivered based on the tonnage which it sold to its customers.

After paying for the ore based on the delivery weights for a time, the defendant decided that it was not selling as many tons as it was paying for and unilaterally began to deduct 15 per cent from all payments thereafter made calculated on delivery weights as claimed by the plaintiff. It makes the assertion that by accepting the checks drawn, the plaintiff acquiesced in the contention of the defendant and that there was thus an accord and satisfaction of the matter and the contract should have been interpreted as agreeing that the claimed weight minus 15 per cent was the correct tonnage.

■ The answer to that contention is that while the acceptance of the checks for a lesser amount than was claimed to be due might be evidence of how the parties intended to interpret the contract, there was not an account stated in any sense of the word. The plaintiff, who needed the money, accepted the checks as paid to him, but there never was any agreement that he would be satisfied with this arrangement. He was constantly told by the defendant's officials that they would pay him for all of the ore which he delivered. The defendant was just not satisfied with the amount of ore which plaintiff claimed to be delivering to it. Defendant is in no position to complain about the judgment rendered, since the jury found that the plaintiff delivered the amount of ore which he claimed to have delivered.

The plaintiff offered to install scales to weigh the ore, but this was not satisfactory to the defendant.

**154**

This suit is for the amount of money withheld by the defendant for a claimed shortage of ore. The case was submitted by the trial judge on special interrogatories to the jury, and the jury found that the amount of ore delivered to the defendant's dump site was accurately measured by the plaintiff and that he should be paid for that amount of ore. The evidence was undisputed that gilsonite has a specific weight of 1.07 in place and that by measuring the space occupied by the ore, the weight can be accurately determined. The defendant made no effort to measure the space. The evidence further showed that broken gilsonite such as was delivered to the defendant had a weight of 44 pounds per cubic foot, and there was no dispute as to the number of cubic feet in the plaintiff's trucks. There was also no dispute that the trucks were loaded to full capacity each time.

We think that there is no error in the findings of the jury and that the evidence fully supports the jury's conclusion.

The defendant also assigns error on the part of the court in refusing to admit in evidence testimony as to the amount of money prayed for in the complaint filed by plaintiff in another action against the defendant. The court sustained an objection to the question and gave as his reason that it was improper cross-examination and further it did not appear what the other suit referred to and therefore would be immaterial. Thereafter the defendant did not pursue the matter and made no effort to prove by his own witnesses what the amount prayed for was or what the basis of the former suit was.

We have considered other assignments of error made by the defendant and find them to be without merit.

The judgment of the trial court is affirmed. Costs are awarded to the respondent.

CALLISTER, C. J., and HENRIOD, CROCKETT, and TUCKETT, JJ., concur.